UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES BURWELL HAWKS,

      Petitioner,

v.

                                    CASE NO. 2:20-CV-12169
                                    HONORABLE VICTORIA A. ROBERTS

MELINDA BRAMAN,[1]

      Respondent.

_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (ECF NO. 8), DISMISSING PETITION (ECF NO. 1), AND DENYING CERTIFICATE OF APPEALABILITY

On August 12, 2020, Petitioner Charles Burwell Hawks filed a petition for habeas corpus through counsel, pursuant to 28 U.S.C. § 2254. Petitioner is challenging his jury trial convictions and sentence in Sanilac County Circuit Court for multiple counts of first-, second-, and third-degree criminal sexual conduct. (ECF No. 1.) In his petition and in a later-filed supplemental brief in support (ECF No. 3), Petitioner asserts his habeas petition was timely filed. (ECF No. 1, PageID.5; ECF No. 3, PageID.38.) Respondent disagreed and filed a motion to dismiss the petition as time-barred. (ECF No. 6.) The Court concludes that the petition is untimely, and that Petitioner is not entitled to equitable tolling. The petition is dismissed.

I. **Background**

---

[1] The caption is amended to reflect the proper respondent in this case, the warden of the prison where Petitioner is currently incarcerated. *See Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* Rules Governing § 2254 Case, Rule 2(a), 28 U.S.C. foll. § 2254. Petitioner is now confined at the Richard A. Handlon Correctional Facility.

On February 15, 2017, a Sanilac County Circuit Court jury found Petitioner guilty of four counts of first-degree criminal sexual conduct ("CSC"), one count of second-degree CSC, and two counts of third-degree CSC. Trial Tr., 2/15/17, ECF No. 7-6, PageID.444-45.  The state trial court sentenced Petitioner to concurrent prison terms of seventeen to thirty-five years for the first-degree convictions, and seven to fifteen years for the second- and third-degree convictions.  Sent. Tr., 4/5/17, ECF No. 7-7, PageID.460.

Petitioner did not file an appeal by right in the Michigan Court of Appeals.  On August 17, 2018, he filed a *pro se* motion for relief from judgment in the state trial court, raising five claims of error.  The Court denied it on January 7, 2019.  The Michigan Court of Appeals denied leave to appeal.  *People v. Hawks*, No. 347870 (Mich. Ct. App. May 22, 2019); *see* ECF No. 7-11, PageID.577.  The state supreme court also denied leave on December 23, 2019, finding Petitioner had "failed to meet the burden of establishing entitlement to relief under [Mich. Ct. R.] 6.508(D)." *People v. Hawks*, 505 Mich. 941 (2019). While Petitioner's application for leave to appeal was pending, his habeas attorney filed an appearance in the Michigan Supreme Court on September 15, 2019.  *See* Mich. Sup. Ct. Rec., ECF No. 7-12, PageID.750-51.

The habeas petition was filed through counsel on August 12, 2020. ECF No. 1. The petition raises the following claims:

I. THE TRIAL COURT ERRED WHEN IT REFUSED TO ALLOW THE DEFENSE TO INQUIRE AS TO THE CIRCUMSTANCES OF THE ALLEGED 'CONFESSION' WHEN IT IS A QUESTION FOR THE JURY AS TO WHETHER THE STATEMENT WAS MADE, WHETHER IT WAS VOLUNTARY AND WHAT WEIGHT TO GIVE THE STATEMENT.

A.  THAT THE TRIAL COURT ERRED IN ADMITTING THE PETITIONER'S ALLEGED STATEMENT WHEN THE OFFICER DID NOT HAVE PROBABLE CAUSE TO COMMENCE AN INTERVIEW AND FAILED TO PROVIDE ADEQUATE MIRANDA WARNINGS.

B.  THE PETITIONER WAS DENIED A FAIR TRIAL WHEN THE COURT ADMITTED AT TRIAL A STATEMENT PURPORTEDLY MADE BY THE PETITIONER WHERE IT WAS NOT ESTABLISHED THE STATEMENT WAS MADE VOLUNTARILY.

II.  THE PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL ATTORNEY FAILED TO FILE A PRETRIAL MOTION CHALLENGING HIS STATEMENT AND AS A RESULT WAS BARRED AT TRIAL FROM INQUIRING AS TO THE CIRCUMSTANCES OF THE STATEMENT.

A.  THE PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO MAKE A FULL INVESTIGATION, DEVELOP TRIAL STRATEGY OR PROVIDE EFFECTIVE ASSISTANCE.

III. THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING TO ALLOW DEFENSE COUNSEL TO WITHDRAW AND REFUSING TO ADJOURN THE TRIAL WHEN THERE WAS A CLEAR BREAK-DOWN IN THE ATTORNEY-CLIENT RELATIONSHIP AND THERE WOULD HAVE BEEN NO PREJUDICE IN ADJOURNING TRIAL.

A.  THE TRIAL COURT ERRED WHEN IT REFUSED TO ALLOW PETITIONER'S TRIAL COUNSEL TO WITHDRAW.

IV.  THE TRIAL COURT ERRED WHEN IT DENIED THE PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT ON THE BASIS THAT THE PETITIONER DID NOT HAVE GOOD CAUSE FOR FAILURE TO RAISE THESE GROUNDS ON DIRECT APPEAL AND SUFFERED NO PREJUDICE BECAUSE THE PETITIONER DID NOT FILE ANY REQUEST FOR APPELLANT COUNSEL OR AN APPEAL IN THIS MATTER.

V.  THE TRIAL COURT JUDGE ERRED IN REFUSING TO ADDRESS PETITIONER'S CHALLENGE IN HIS MOTION FOR RELIEF FROM JUDGMENT AS TO THE SCORING OF OFFENSE VARIABLES THREE AND THIRTEEN WHEN THERE WAS NO EVIDENCE TO SUPPORT 5 POINTS FOR OFFENSE VARIABLE THREE WHERE THE COMPLAINANT HERSELF TESTIFIED THERE WAS NO PHYSICAL HARM EVEN ALLEGED AND ASSESSED 25 POINTS FOR OFFENSE VARIABLE THIRTEEN WHERE THERE WAS NO

FINDING OF A PATTERN OF FELONIOUS CRIMINAL ACTIVITY
INVOLVING THREE OR MORE CRIMES AGAINST A PERSON.

A. THE TRIAL COURT ERRED WHEN IT DENIED THE PETITIONER
DUE PROCESS BY ERRONEOUSLY SCORING THE SENTENCING
GUIDELINES AND ASSESSING POINTS BASED ON THE
ALLEGATION THAT THERE WAS PHYSICAL HARM TO THE
COMPLAINANT AND THAT THE PETITIONER WAS ALLEGEDLY A
MEMBER OF AN ORGANIZED GROUP.

Supp. Br., ECF No. 3.

Respondent filed a motion to dismiss the petition as untimely, arguing that it was

filed six months after the expiration of the applicable one-year statute of limitations. ECF

No. 6.  Petitioner says that even if the petition was filed late, he is entitled to equitable

tolling due to the extraordinary circumstances of the COVID-19 pandemic. ECF No. 8.

## II.   Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132,

110 Stat. 1214 ("AEDPA") applies to all habeas petitions filed after the Act's effective

date, April 24, 1996, and imposes a one-year limitations period for habeas petitions.  28

U.S.C. § 2244(d)(1).  The statute states in pertinent part,

> (1) A 1–year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State
> court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion
> > of direct review or the expiration of the time for seeking such
> > review[.]

*Id*.

A habeas petition filed outside the time period prescribed by this section must be

dismissed.  *Lee v. Brunsman*, 474 F. App'x 439, 440 (6th Cir. 2012) (citing *Cook v.*

*Stegall*, 295 F.3d 517, 519 (6th Cir. 2002)).  However, because the AEDPA statute of

limitations is not jurisdictional, it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010).

A habeas petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden to demonstrate that she is entitled to equitable tolling, *Pace*, 544 U.S. at 418, and such relief should be granted sparingly. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005) (citation omitted).

III.    **Discussion**

**A. Finality, the limitations period, and tolling**

To resolve the question of whether the petition was filed timely, the Court must first determine when Petitioner's conviction became "final," which dictates when the limitations period began to run. *See Williams v. Wilson*, 149 F. App'x. 342, 345 (6th Cir. 2005). A state-court judgment becomes final when direct review by the state court ends or when the time to seek direct review expires, whichever comes later. *Wilberger v. Carter*, 35 F. App'x. 111, 114 (6th Cir. 2002); 28 U.S.C. § 2244(d)(1)(A).

Petitioner was sentenced on April 5, 2017. He then had six months from the date of his sentence pursuant to Michigan Court Rule 7.205(A)(2)(a) to file a delayed application for leave to appeal. Petitioner never filed a direct appeal from his conviction and sentence; thus, the "conclusion of direct review" term of section 2241(d)(1)(A) does not apply. Instead, Petitioner's judgment of sentence became final on October 5, 2017, when the time to file in the Michigan Court of Appeals expired. *See Williams v. Birkett*,

670 F.3d 729, 731 (6th Cir. 2012). Under AEDPA, Petitioner then had one year, until October 5, 2018, to file a timely petition for writ of habeas corpus unless the limitations period was tolled.

Properly filing a post-conviction motion for relief from judgment in the state trial court on August 17, 2018, Petitioner did toll the limitations period with forty-nine days remaining. *Scarber v. Palmer*, 808 F.3d 1093, 1095 (6th Cir. 2015) (citing 28 U.S.C. § 2244(d)). The period remained tolled while Petitioner timely appealed the trial court's denial of his motion. *Id*. at 1095-96. The limitations period then resumed running the day after the state supreme court denied Petitioner's request for leave to appeal on December 23, 2019. *Id*. at 1095.

Petitioner's one-year limitations period expired forty-nine days later, on February 10, 2020. Petitioner filed his habeas petition on August 12, 2020, six months after his deadline.

### B. Petitioner's arguments regarding timeliness

To support his argument that his petition was timely, Petitioner contends that he was entitled to one year and ninety days after the December 23, 2019 decision of the Michigan Supreme Court. ECF No. 8, PageID.818. This is incorrect. The one-year time period began at the expiration of his time to seek direct review. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (citing 28 U.S.C. § 2244(d)(1)(A)). Petitioner's properly filed post-conviction motion tolled the limitations period while it was pending in the state courts, but did not reset the clock. *Carter v. Klee*, 286 F. Supp. 3d 846, 851 (E.D. Mich. 2018) (citing *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001)) ("The AEDPA's

6

limitations period does not begin to run anew after the completion of state post-

conviction proceedings.")

Petitioner next argues that the petition may have been untimely, but to a lesser

extent than asserted by Respondent.  He contends his limitations period should have

been tolled for an additional ninety days, the time to file a petition for certiorari after the

state supreme court's decision.  Pet. Resp., ECF No. 8, PageID.818.  This, too, is

incorrect.  In *Lawrence v. Florida*, 549 U.S. 327 (2007), the Court concluded that ninety

days are not added to the limitations period after state postconviction or other collateral

relief is denied.  *Id*. at 329.  Instead, the text of section 2244(d)(2), AEDPA's tolling

provision for state post-conviction relief, "mean[s] that the statute of limitations is tolled

only while state courts review the application."  *Id*. at 332.  "The application for state

postconviction review is therefore not 'pending' after the state court's postconviction

review is complete" and the one-year limitations period is not tolled "during the

pendency of a petition for certiorari."  *Id*.

### C. Equitable tolling

Finally, Petitioner argues that if the petition is untimely, the limitations period

should be equitably tolled due to the COVID-19 pandemic and the resulting state of

emergency and disruption of prison operations.  ECF No. 8, PageID.818.  Petitioner

cites orders by the Governor of Michigan and the Federal District Court for the Eastern

District of Michigan. *See* Exhs., ECF Nos. 8-1, 8-2.  The Governor's order mentions her

March 10, 2020, executive order establishing a state of emergency. ECF No. 8-1,

PageID.840. The federal court administrative order acknowledges a federal resolution

under the National Emergencies Act, which was declared on March 13, 2020. ECF No. 8-2, PageID.852.

Whenever the pandemic official began, the orders indicate the impact was not felt in Michigan until March 2020.[2] Both those declarations occurred a month after Petitioner's limitations period actually expired on February 10, 2020. Therefore, COVID-19 was not at issue during Petitioner's limitations period; the pandemic does not provide the necessary extraordinary circumstances to support equitable tolling.

Equitable tolling also does not apply to Petitioner's case because he cannot meet the requirement of due diligence, and because generally, an attorney's miscalculation of the habeas filing deadline will not support such relief. The Supreme Court addressed both issues in *Holland v. Florida*, 560 U.S. 631.

*Holland* held that only "reasonable diligence," not "maximum feasible diligence," is required. *Id*. at 653 (citations and internal quotation marks omitted). However, the petitioner in *Holland*, who met the diligence requirement, repeatedly wrote his attorney, the state courts, and others, seeking assistance, among other actions. *Id*. In this case, Petitioner refers once to "his counsels' exercise of reasonable diligence." ECF No. 8, PageID.823. But while the brief states Petitioner was in lockdown due to the pandemic,

---

[2] Similarly, in late March 2020, in response to the pandemic, the federal Centers for Disease Control (CDC) issued guidance to corrections officials, and the U.S. Attorney General gave direction to the federal Bureau of Prisons. *See United States v. Gaston,* No. 19-20313, 2020 WL 3287977, at *1 (E.D. Mich. June 18, 2020) (Levy, J.). On April 8, 2020, Michigan Department of Corrections Director Heidi Washington issued a memorandum establishing "new policies for abating the spread of COVID-19 in MDOC facilities". *Eidam v. Nagy*, No. 1:20-CV-487, 2020 WL 3396624, at *3 (W.D. Mich. June 19, 2020) (Jonker, J.).

*id.*, it does not describe *any* actions by Petitioner or his attorney which would show an effort to overcome the obstacles COVID-19 presented.

Further, counsel represented Petitioner for almost five months before the expiration of the limitations period, including seven weeks after the state supreme court's denial of leave. *See* Mich. Sup. Ct. Rec., ECF No. 7-12, PageID.750-51 (attorney appearance filed on Sept. 15, 2019.). Counsel thus had a reasonable amount of time to review Petitioner's trial and appellate records while the motion for relief from judgment was pending in the state courts, as well as time to file a protective habeas petition, and/or ask the Court for an extension of time for any related briefing, before the February deadline. This record does not demonstrate diligence.

*Holland* explained that "'a garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Id*. at 651–52 (citations omitted). Based on the assertions of timeliness in Petitioner's original petition, ECF No. 1, PageID.5; supplemental brief, ECF No. 3, PageID.38; and the legal arguments in Petitioner's response to the motion to dismiss, ECF No. 8, PageID.818, the reason for the late filing appears to be such an error. Petitioner is not entitled to equitable tolling. *See Giles v. Beckstrom*, 826 F.3d 321, 326 (6th Cir. 2016).

## IV.    Certificate of Appealability

Under Federal Rule of Appellate Procedure 22, before Petitioner may appeal the Court's decision, a certificate of appealability ("COA") must issue. *See* 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show

"that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The Court concludes that reasonable jurists would not debate the Court's determination that the petition is untimely. The Court denies a certificate of appealability.

## V.      Conclusion

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period.  The Court GRANTS Respondent's Motion to Dismiss (ECF No. 6), and the petition for a writ of habeas corpus is DISMISSED.

The Court DENIES a certificate of appealability.  If Petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

SO ORDERED.

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
Date: 6/29/2021              UNITED STATES DISTRICT JUDGE